# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ELAINE KESSINGER,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0058** (BOR Appeal No. 2052087)
                (Claim No. 2017010931)

**PENN NATIONAL GAMING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elaine Kessinger, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Penn National Gaming, Inc., by Stephen M. Mathias, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on September 30, 2016. The Office of Judges affirmed the decision in its June 29, 2017, Order. The Order was affirmed by the Board of Review on December 28, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kessinger, a table dealer, alleges that she was injured in the course of her employment on August 12, 2016. An August 31, 2016, treatment notes from Jehangir Madan, CRNP, indicates Ms. Kessinger was seen for neck pain with bilateral upper extremity radiculopathy with an onset date of August 12, 2016. It was noted that her job required frequent extension of the upper body to deal cards. The assessment was neck pain and cervicalgia. She was given medication and taken off of work for two weeks due to "severe new onset neck pain with upper arm pains."

1

The employees' and physicians' report of injury, completed on September 3, 2016, indicates Ms. Kessinger alleged injuries to her neck and strain of the right trapezius muscle on August 12, 2016. It was noted that she was diagnosed with cervical and thoracic sprains/strains. Ms. Kessinger attached a description of the events to the report. It states that over the course of her shift on August 12, 2016, Ms. Kessinger began experiencing severe neck and back pain that worsened all night. She had been stepping up off of her broken chair to deal cards. She had to lean forward and reach, pull, and stretch. She noted that the pain started in her neck and moved down her arm and into her back. She stated that she took aspirin, but the pain worsened over the following few days. She alleged that she would not have had to bend and reach if her chair was not broken.

A treatment note from Jefferson Medical Center dated September 5, 2016, indicates Ms. Kessinger reported to the emergency room with right neck and shoulder pain. She was diagnosed with cervical strain and given medication. Ms. Kessinger underwent physical therapy in September and October of 2016.

Hien Hguyen stated in a January 26, 2017, affidavit that he is the poker room manager. Ms. Kessinger told him by telephone on September 2, 2016, that she was injured on August 12, 2016, due to stretching to deal cards. Mr. Hguyen noted that she did not report the injury until twenty-one days after it allegedly occurred. Mr. Hguyen stated that he had not received any complaints of broken chairs as of the date of the alleged injury. Laura Gatto stated in an affidavit that same day that she is the risk manager/compliance officer for the employer. She stated that she is the point of contact between employees, supervisors, and customers when it comes to situations or incidents requiring risk management. Ms. Gatto noted that she had received no complaints of broken chairs from any employee or supervisor even after she asked them. Lastly, Jared Varona stated in a January 26, 2017, affidavit that she is the poker shift supervisor. On August 29, 2016, she received a phone call from Ms. Kessinger during which Ms. Kessinger indicated that she wished to make a workers' compensation claim. She did not relay a specific incident that caused her injury and did not report the injury until seventeen days after it occurred. Ms. Varona had received no complaints of broken chairs.

The claims administrator rejected the claim on September 30, 2016. The Office of Judges affirmed the decision in its June 29, 2017, Order. It found that Ms. Kessinger did not report the injury until seventeen days after it allegedly occurred. Her assertion that her chair was broken and required her to stretch and bend more was refuted by the affidavits of Ms. Varona, Ms. Gatto, and Mr. Hguyen. The Office of Judges found that the burden of proof falls on the claimant to show that she sustained a work-related injury. The failure to report the injury and the medical evidence of record was found to support the rejection of the claim. The off-work slip dated August 31, 2016, stated that Ms. Kessinger had a new onset of pain. The report of injury, signed on September 3, 2016, indicates Ms. Kessinger was first seen for the compensable injury on September 5, 2016. The September 5, 2016, treatment note states that she was seen at Urgent Care on August 26, 2016; however, there are no medical records from that day. The Office of Judges concluded that the medical records rely solely on Ms. Kessinger's allegations of the basis of the injury. A preponderance of the evidence did not support the compensability of the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 28, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Kessinger bears the burden of proof to show that she was injured in the course and as a result of her employment. She failed to meet her burden of proof to show that she sustained a work-related injury in the course of her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3